United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                          Case No. 18-16452-amc
Stephanie LaMae Linn                                                            Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4          User: admin              Page 1 of 1          Date Rcvd: Mar 06, 2020
                             Form ID: 3180W           Total Noticed: 12

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 08, 2020.
db             +Stephanie LaMae Linn,    2520 Alpine Drive,    Hellertown, PA 18055-3203
smg            +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                Allentown, PA 18101-1603
smg             City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg            +Dun & Bradstreet, INC,    3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg            +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg            +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
14204743      ++PEOPLE FIRST FEDERAL CREDIT UNION,    2141 DOWNYFLAKE LN,    ALLENTOWN PA 18103-4799
                (address filed with court:  People First FCU,    2141 Downyflake Lane,    Allentown, PA 18103)

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 07 2020 03:07:30
                Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Mar 07 2020 03:08:09      U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
14241792       +E-mail/Text: bkmailbayview@bayviewloanservicing.com Mar 07 2020 03:08:11
                Bayview Loan Servicing, LLC,    4425 Ponce de Leon Blvd, 5th Floor,
                Coral Gables, FL 33146-1873
14242821       +EDI: CITICORP.COM Mar 07 2020 07:53:00      Citibank, N.A.,    Citibank, N.A.,
                701 East 60th Street North,    Sioux Falls, SD 57104-0493
14240862        EDI: Q3G.COM Mar 07 2020 07:53:00      Quantum3 Group LLC as agent for,    Comenity Capital Bank,
                PO Box 788,    Kirkland, WA  98083-0788
                                                                                          TOTAL: 5

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 08, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 5, 2020 at the address(es) listed below:
          CHARLES  LAPUTKA    on behalf of Debtor Stephanie LaMae Linn claputka@laputkalaw.com,
          jen@laputkalaw.com|milda@laputkalaw.com|bkeil@laputkalaw.com
          REBECCA ANN SOLARZ    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC bkgroup@kmllawgroup.com
          ROLANDO  RAMOS-CARDONA    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)
          ecfmail@readingch13.com
          SCOTT F. WATERMAN (Chapter 13)     ECFMail@ReadingCh13.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM  MILLER*R    on behalf of Trustee WILLIAM  MILLER*R ecfemail@FredReigleCh13.com,
          ECF_FRPA@Trustee13.com
                                                                                          TOTAL: 6

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Stephanie LaMae Linn** | Social Security number or ITIN **xxx–xx–9696** |
| | First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court **Eastern District of Pennsylvania** | | |
| Case number:  **18–16452–amc** | | |

# Order of Discharge

12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Stephanie LaMae Linn
aka Stephanie L. Linn, aka Stephanie Behm, aka
Stephanie Jarrett

3/5/20

**By the court:**   Ashely M. Chan
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

## Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W                          **Chapter 13 Discharge**                          page 1

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**